IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
BARRACK RODOS & BACINE,                   :
                                          :
       Plaintiff,                         :   Civil Action No. 08 CV 02152 (PKL)
                                          :
                                          :   **ECF CASE**
       v.                                 :
                                          :
                                          :
BALLON STOLL BADER AND NADLER, P.C.,      :   **VERIFIED COMPLAINT**
                                          :   **FOR DECLARATORY**
       Defendant.                         :   **AND INJUNCTIVE RELIEF**
                                          :
-------------------------------------------------------------x

       Plaintiff, Barrack Rodos and Bacine ("BR&B"), brings this action for declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, 28 U.S.C.A. § 2201, and for injunctive relief.

## INTRODUCTION

       1.    BR&B, which is not a party to any agreement to arbitrate any disputes with defendant Ballon Stoll Bader and Nadler, P.C. ("Ballon Stoll"), brings this action to obtain a judgment declaring that it is not required to arbitrate claims that Ballon Stoll has asserted in a proceeding styled *In the Matter of the Arbitration among Ballon Stoll Bader & Nadler, P.C. and A. Arnold Gershon, et al.,* AAA Claims No. 13 194 01780 07, and enjoining as against BR&B that arbitration proceeding.

       2.    This action relates to a dispute over attorneys' fees awarded to BR&B by the Court in the matter styled *Seinfeld v. Barrett, et al.*, No. 05-298 (JJF) (D. Del., May 16, 2005) (the "*Intel*" case). Ballon Stoll claims to have an interest in those fees,

59621-2

claiming that the fees were earned under an agreement with A. Arnold Gershon, Esquire ("Gershon"), who left Ballon Stoll and joined BR&B on December 1, 2006.

3. Ballon Stoll filed a demand for arbitration against, *inter alia*, BR&B pursuant to the arbitration clause in an "of counsel" agreement (the "Agreement") that Ballon Stoll and Gershon (and Gershon's professional corporation) had executed at the commencement of their relationship in 2001. The Agreement states that any controversy or claim arising out of "this Agreement or the breach thereof, shall be settled by arbitration in the City of New York, in accordance with the Rules of the American Arbitration Association."

4. BR&B is not a party to that Agreement and from the beginning of the arbitration proceeding has opposed and continues to oppose the arbitrator's jurisdiction over it in the arbitration.

5. Nonetheless, on February 19, 2008, the arbitrator improperly determined that he had jurisdiction over BR&B and that BR&B is, in fact, bound by the Agreement and is required to arbitrate Ballon Stoll's claims. BR&B seeks relief from this Court in the form of a declaration that the arbitrator does not have jurisdiction over BR&B and that arbitration is not the proper forum for Ballon Stoll to pursue its claims against BR&B.

6. BR&B has no adequate remedy at law. Only through the exercise of this Court's equitable powers can BR&B be fully protected from the irreparable injury that Ballon Stoll's actions threaten to inflict.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. In the instant action, there is complete diversity of citizenship between the plaintiff and the defendant and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Ballon Stoll maintains its principal offices in this district, a substantial portion of the acts and transactions constituting the violations of plaintiff's rights occurred in this district and the defendant has received benefits in this district by doing business here and engaging in numerous activities that have an effect in this district.

## THE PARTIES

9. BR&B, a law firm, is a professional corporation with its principal place of business located at 3300 Two Commerce Square, 2001 Market Street, Philadelphia, Pennsylvania 19103. BR&B is a citizen of the Commonwealth of Pennsylvania.

10. Ballon Stoll, also a law firm, is a professional corporation with its principal place of business located at 1450 Broadway, 14th Floor, New York, New York 10018. Ballon Stoll is a citizen of the State of New York.

## FACTS

### A. Gershon's Employment By BR&B

11. In November 2006, Gershon contacted BR&B to inquire about his joining the firm. Gershon explained that he had become increasingly unhappy with his employment at Ballon Stoll because of Ballon Stoll's inability or unwillingness to

59621-2                                3

provide the support and resources Gershon needed to properly litigate the kinds of complex and discovery intensive cases in which he was involved.

12. Gershon was aware of BR&B's extensive experience and ability to handle complex class and derivative litigation. For over thirty years, BR&B has concentrated its practice on litigation, particularly class action litigation under the federal securities laws, shareholder derivative litigation and class action litigation under the antitrust laws and has substantial experience in litigating large and complex cases with extensive discovery programs that involve millions of pages of documents and many depositions.

13. Gershon's particular area of expertise is in shareholder derivative actions, an area in which BR&B thought it advantageous to add an experienced lawyer. In that regard, Gershon suggested that, in addition to himself, BR&B should also hire the associate he had been working with, who he said was also unhappy at Ballon Stoll. Because BR&B had no secretarial support in its New York office (BR&B had one lawyer there half time), Gershon proposed that BR&B hire a secretary who had left Ballon Stoll several weeks earlier.

14. Because of the uncertainty that the arrangement between Gershon & BR&B would be successful and the substantial financial commitment BR&B would be making for salaries and expansion of its sublease to add the needed space, BR&B proposed to Gershon that he could join the firm, but that there would be no agreement about his own compensation, other than that it would be decided by BR&B.

15. BR&B and Gershon agreed that Gershon's employment would begin on December 1, 2006. Gershon has no proprietary interest in BR&B and no financial interest in any cases he brought to or has worked on at BR&B.

16. On November 20, 2006, Gershon notified Ballon Stoll that he was terminating the Agreement as of December 1, 2006.

17. In his conversation with BR&B leading to his employment, Gershon said that he would work out an arrangement with Ballon Stoll to divide equitably the cases that he had brought to and was working on at Ballon Stoll, leaving some and bringing some. Gershon did not, however, share with BR&B the particulars of his arrangement with Ballon Stoll.

18. BR&B was not aware of the existence of the Agreement that forms the basis for Ballon Stoll's claims.

**B.   Gershon Brings *Intel* to BR&B**

19. Among the cases Gershon brought to BR&B was the *Intel* case. BR&B promptly assembled a group of lawyers and a paralegal to begin the task of organizing and reviewing the documents produced in preparation for the extensive deposition program anticipated.

20. BR&B was well-acquainted with the defense firm in the *Intel* case from a number of cases over the years, and they were well-acquainted with BR&B. Shortly after Gershon joined BR&B, the parties in the *Intel* case commenced settlement discussions. These discussions ultimately led to a settlement agreement dated March 7, 2007.

21. The last term of the settlement negotiated was the counsel fee that defendants in that case agreed to pay plaintiff, subject to the court's approval. The fee was negotiated at arm's length with defense counsel. When BR&B filed its motion for approval of the settlement, it sought fees and expenses in the agreed amount of approximately $862,500.

22. On May 18, 2007, BR&B received a letter from Ballon Stoll purporting to assert a charging lien against the *Intel* fee (which at that time had not yet been awarded, let alone paid). It was at that time that Gershon shared with BR&B a copy of the Agreement with Ballon Stoll, as well as the documents showing his agreement with Ballon Stoll following his departure to divide the cases that Gershon had been working on at that firm. In those documents, Ballon Stoll agreed to the division of cases, but claimed a continuing financial interest in the *Intel* case and any fee that might be awarded.

23. A settlement hearing in the *Intel* case was scheduled for May 23, 2007, of which Ballon Stoll was aware. Despite claiming an interest in the proposed fee, Ballon Stoll did not file with the district court its own fee petition nor appear at the hearing to either assert a claim for fees or object to BR&B's fee petition.

24. By order dated May 23, 2007, the Court awarded BR&B a fee in the *Intel* case in the amount of $862,500 as per the settlement agreement. The fee was paid to BR&B on June 29, 2007.

### C. Ballon Stoll Initiates Judicial and Arbitration Proceedings against BR&B

25. In June 2007, Ballon Stoll initiated a proceeding in the New York Supreme Court styled *In the Matter of the Application of Ballon Stoll Bader & Nadler, P.C., against A. Arnold Gershon, P.C., et al.*, Index No. 602108/07. In its application, Ballon Stoll sought to enjoin BR&B from distributing the *Intel* fee pending resolution of Ballon Stoll's entitlement to fees from the case.

26. On June 29, 2007, Justice Lowe heard and denied Ballon Stoll's application.

27. On August 17, 2007, Ballon Stoll filed with the American Arbitration Association ("AAA") a demand for arbitration against Gershon, A. Arnold Gershon, P.C., and BR&B. The demand set forth a claim against BR&B for quantum merit. (Ballon Stoll also asserted non-substantive claims against BR&B for a charging lien, to require BR&B to retain funds in escrow, and for fees and expenses relating to the arbitration.)

28. From the outset and continuing to the present, BR&B has consistently maintained and expressed its position that it is not a party to the Agreement and is, therefore, not required to arbitrate Ballon Stoll's claims.

29. On November 12, 2007, Joseph W. Muccia was appointed as the arbitrator and the appointment was confirmed on November 21, 2007. BR&B did not participate in the process of appointment of the arbitrator.

30. During a telephonic conference on December 3, 2007, among the AAA administrator, the arbitrator, a representative of Ballon Stoll and Gershon, in which BR&B participated as a matter of courtesy, BR&B again raised the issue that BR&B, as a non-signatory, was not bound by the arbitration clause in the Agreement. In response, and at the request of the mediator, on December 27, 2007, Ballon Stoll submitted to the arbitrator a memorandum in support of his retention of jurisdiction over BR&B.

31. On January 22, 2008, BR&B, again as a matter of courtesy, submitted a memorandum in response, explaining that it was not a party to the Agreement and should not be bound to arbitrate Ballon Stoll's claims. BR&B also asserted that only a Court, not the arbitrator, has the authority to determine whether Ballon Stoll's claim against BR&B is arbitrable.

32. On February 19, 2008, the arbitrator issued a ruling, incorrectly determining that he (and not the Court) had the authority to rule on the arbitrability of Ballon Stoll's claim against BR&B. He also ruled that BR&B was bound by the arbitration clause of the Agreement.

33. The arbitrator also ordered BR&B to serve and file a response to Ballon Stoll's claim no later than March 5, 2008.

## CLAIM FOR DECLARATORY RELIEF (28 U.S.C. § 2201)

34. This action presents an actual controversy between the parties. Absent the declaratory relief sought herein, BR&B will be improperly compelled to choose between participating in arbitration proceedings with Ballon Stoll or declining to participate and risk an adverse award that it would then challenge on confirmation proceedings. A declaration from the Court regarding BR&B's rights is necessary so that BR&B, which has not agreed to arbitrate Ballon Stoll's claims, can avoid that choice.

35. There is no dispute that BR&B was neither a party to nor a signatory of the Agreement. BR&B is entitled to a declaratory judgment that it is not a party to the Agreement.

36. As a non-signatory to the Agreement, BR&B is entitled to a declaratory judgment that it is not bound by the arbitration clause of the Agreement.

37. The arbitrator improperly determined that BR&B, as a non-signatory to the Agreement, is bound to arbitrate Ballon Stoll's claims. BR&B is entitled to a declaratory judgment that it is not bound to arbitrate Ballon Stoll's claims.

38. The arbitrator usurped the role of the Court when it determined that it had jurisdiction over BR&B. BR&B is entitled to a declaratory judgment that the AAA does

not have jurisdiction over, or the authority to determine, whether BR&B is bound by the Agreement.

39. Because the Court, and not the arbitrator, has the authority to determine whether BR&B is a proper party to the arbitration, BR&B is entitled to a declaratory judgment that the AAA cannot issue an enforceable award against BR&B.

## **PRAYER FOR RELIEF**

WHEREFORE, BR&B requests entry of judgment as follows:

A. Entering judgment declaring that BR&B is not a party to the Agreement.

B. Entering judgment declaring that BR&B is not bound by the arbitration clause of the Agreement;

C. Entering judgment declaring that BR&B is not compelled to arbitrate Ballon Stoll's claims;

D. Entering judgment declaring that the AAA does not have jurisdiction over BR&B;

E. Entering judgment declaring that the AAA cannot issue an enforceable award against BR&B;

F. Entering judgment declaring that this Court, not an arbitrator, has jurisdiction to determine the arbitrability of Ballon Stoll's claims against BR&B;

G. Granting preliminary and permanent injunctive relief staying the arbitration against BR&B; and

H. Such other relief as the Court deems just and proper.

Dated: February 28, 2008

BARRACK, RODOS & BACINE

By: /s/
William J. Ban
Bar No. WB0382
1350 Broadway
Suite 1001
New York, NY 10018
(212) 688–0782

and

Daniel E. Bacine
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600

**Attorneys for Plaintiff**

## VERIFICATION

I, Daniel E. Bacine, hereby verify that I am a partner of Barrack, Rodos & Bacine ("BR&B") and am authorized to make this verification on its behalf; and that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: February 28, 2008

_____
Daniel E. Bacine