**BALLON STOLL BADER & NADLER, P.C.**
Counsellors at Law          Founded 1931

www.ballonstoll.com
1450 BROADWAY, NEW YORK, NY 10018 -2268
TEL: 212-575-7900 FAX; 212-764-5060

Affiliate offices:
Hackensack, New Jersey
Philadelphia, Pennsylvania
Moscow, Russia

*Susan Schneiderman, Esq.*
*Direct Dial: 212-575-7900*
*Extension 215*
SSchneiderman@Ballonstoll.com

March 17, 2008

**By E-mail and Fax**
Hon. Peter K. Leisure
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: Barrack Rodos & Bacine v. Ballon Stoll Bader & Nadler, PC
     Case No.08 cv 02152 (PKL)
     <u>Our File No. 18035-34</u>

Dear Judge Leisure:

  This firm is the Defendant in the referenced action, in which I appeared before the Court this morning.

  One of the issues discussed briefly this morning was that of the benefit, if any, direct or indirect, which Barrack Rodos & Bacine ("BR&B") derived from the Of Counsel Agreement among Ballon Stoll Bader & Nadler, P.C. ("Ballon"), A. Arnold Gershon, P.C. and A. Arnold Gershon (the "Agreement"). Since we moved off of the topic rather hastily, I inadvertently failed to specifically address Mr. Bacine's statement, in substance, that his firm did not derive any benefit from the subject agreement since the existence of the Of Counsel Agreement did not impact their receipt of those fees.

  Mr. Bacine is mistaken. The question must be focused directly upon the disposition of that portion of the Intel Fees to which Ballon claims entitlement by virtue of the Of Counsel Agreement. In simplest terms, the entire of the Intel Fee was available for delivery to Mr. Gershon (or his assignee, BR&B) by virtue of Article "Ninth" of the Agreement which provides that:

> **all collections for services rendered prior to the termination of the Agreement and received by the Firm, Arnold or Gershon after the termination date of this Agreement shall remain the property of the parties as are expressed in this Agreement. Arnold, Gershon and the Firm shall share in said collections as set forth in Fee Schedule A.**

Hon. Peter K. Leisure
March 17, 2008
Page 2 of 2


      Having entered into the Agreement, Gershon was entrusted with protection of Ballon's interest in the Intel Fees. Although Gershon assigned <u>his own interest</u> to BR&B, he was without legal authority to assign Ballon's interest, a fact known by BR&B. Even though BR&B would have been awarded a fee in any event, they clearly would not have possession of the Ballon interest but for the Agreement. This conclusion is bolstered by Mr. Gershon's written statements in May 2007 that "[BR&B] will reimburse [Ballon's] expenses if **_we_** recover them" and that "**_our_** answer [as to whether Ballon should make a separate fee application] is that it is unnecessary and improper." [emphasis mine].

      Finally, BR&B's claimed entitlement to retain Ballon's contractual interest in the Intel Fees arises directly from BR&B's apparent adoption of Gershon's legal theory that Ballon breached the Agreement and is therefore may not recover their fees.

      Thank you for your consideration.

                                        Respectfully yours,

                                        Susan Schneiderman


Cc: (via e-mail delivery)
     Daniel Bacine, Esq.
     William Ban, Esq.