UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BARRACK, RODOS & BACINE,

                Plaintiff,

                Case No. 08 CV 02152 (PKL)

    -against-

BALLON STOLL BADER & NADLER, P.C.,    **VERIFIED ANSWER
TO COMPLAINT**

                Defendant.
----------------------------------------------------------x

    Defendant, Ballon Stoll Bader & Nadler, P.C. ("BSBN"), by its undersigned attorneys, Answering the Verified Complaint for Declaratory and Injunctive Relief ("Complaint") of Barrack Rodos & Bacine ("BR&B"), respectfully shows the Court and alleges as follows:

### ANSWERING BR&B'S "INTRODUCTION"

    1.    BSBN acknowledges that the BR&B brings this Action upon the grounds stated in paragraph 1 of the Complaint. BSBN denies so much of the allegations contained in paragraph 1 of the Complaint as states that BR&B "is not a party to any agreement to arbitrate any disputes" with BSBN.

    2.    BSBN denies each and every allegation, express or implied, contained in paragraph 2 of the Complaint, except admits and affirmatively asserts that BSBN claims to have and does have an interest in fees awarded in the matter styled *Seinfeld v. Barrett, et al.*, Case No. 05-298 (JJF)(D. Del., May 16, 2005)(the "Intel Action" or the "Intel Fees").

    3.    BSBN denies each and every allegation contained in paragraph 4 of the Complaint.

4. BSBN denies so much of the allegations contained in paragraph 5 of the Complaint as state or imply that the Arbitrator Joseph W. Muccia's February 19, 2008 "Ruling and Partial Final Award Regarding Arbitrability of Claims Alleged Against Respondent Barrack, Rodos & Bacine" (the "Award") is improper or incorrect.

5. BSBN denies each and every allegation, express or implied, contained in paragraph 6 of the Complaint.

### ANSWERING BR&B'S ALLEGATIONS OF "JURISDICTION AND VENUE"

6. BSBN admits the allegations contained in paragraph 7 of the Complaint.

7. In Answer to the allegations contained in paragraph 8 of the Complaint, BSBN admits that venue in this district is proper. BSBN denies so much of the allegations contained in paragraph 8 of the Complaint as, expressly or impliedly, impute wrongdoing and violations of BR&B's rights to BSBN.

### ANSWERING BR&B'S ALLEGATIONS OF "THE PARTIES"

8. BSBN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

9. BSBN admits the allegations contained in paragraph 10 of the Complaint.

### ANSWERING BR&B'S ALLEGATIONS OF "FACTS"

10. BSBN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except that BSBN specifically denies so much of the allegations contained in paragraph 11 of the Complaint as, expressly or impliedly, alleges any wrongdoing or culpable conduct on the part of BSBN.

11. BSBN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 and 13 of the Complaint, except that BSBN specifically denies so much of the allegations contained in paragraphs 12 and 13 of the Complaint as, expressly or impliedly, allege any wrongdoing or culpable conduct on the part of BSBN.

12. BSBN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 and 15 of the Complaint.

13. BSBN denies each and every allegation, express or implied, contained in paragraph 16 of the Complaint.

14. BSBN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 17, 18, 19, 20 and 21 of the Complaint.

15. BSBN denies each and every allegation, express or implied, contained in paragraphs 22, 23 and 24 of the Complaint.

16. BSBN admits the allegations contained in paragraphs 25 and 26 of the Complaint.

17. BSBN denies so much of paragraph 27 of the Compliant as alleges, expressly or by implication, that the only "substantive" claim asserted against BR&B sounds in *quantum meruit* and as characterizes certain claims as "substantive" and "non-substantive."

18. BSBN denies each and every allegation, express or implied, contained in paragraph 28 of the Complaint.

19. BSBN admits the allegations contained in paragraph 29 of the Complaint, except that BSBN lacks knowledge or information sufficient to form a belief as to whether BR&B participated in the selection of the Arbitrator.

20. BSBN denies each and every allegation, express or implied, contained in paragraphs 30, 31, 32 and 33 of the Complaint, except admits that briefs were submitted and a decision rendered by the Arbitrator. BSBN respectfully refers the Court to the content of those documents for an assessment of the content thereof.

## ANSWERING BR&B'S "CLAIM FOR DECLARATORY RELIEF"

21. BSBN denies each and every allegation, express or implied, contained in paragraphs 34, 35, 36, 37, 38 and 39 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

22. BR&B is bound, as a successor in interest, by the Arbitration Agreement between BSBN and Gershon.

## SECOND AFFIRMATIVE DEFENSE

23. BR&B is bound by the Arbitration Agreement between BSBN and Gershon pursuant to the "Merger Doctrine."

## THIRD AFFIRMATIVE DEFENSE

24. BR&B is bound by the Arbitration Agreement between BSBN and Gershon by virtue of the doctrine of Estoppel.

## FOURTH AFFIRMATIVE DEFENSE

25. BR&B comes to this Court with unclean hands and is therefore not entitled to any relief herein.

### FIFTH AFFIRMATIVE DEFENSE

26. To the extent that BR&B may have had grounds to request the subject relief, all rights to do so have been waived.

### BSBN'S COUNTERCLAIMS

### Generally as to the Counterclaims

27. BSBN repeats and reiterates each and every allegation set forth in paragraphs 1 through 26, inclusive, of this Answer as if fully set forth herein at length.

28. BSBN is a New York Professional Corporation of attorneys engaged in the practice of law, with its principle offices located at 729 Seventh Avenue, New York, New York.

29. A. Arnold Gershon ("Arnold") is, upon information and belief, an attorney admitted to practice law and engaged in the practice of law in the State of New York, with offices located at 1350 Broadway, New York, New York.

30. A. Arnold Gershon, P.C. ("AAG") is, upon information and belief, a New York professional corporation formed by Arnold in connection with Arnold's practice of law and through which Arnold has, from time to time, provided his legal services.

31. In or about June 2001, AAG and Arnold (collectively, "Gershon") entered into a written Agreement with BSBN dated as of June 28, 2001, pursuant to which AAG became "Of Counsel" to BSBN beginning September 1, 2001.

32. From on or about September 1, 2001 until on or about December 1, 2006, pursuant to the June 28, 2001 Agreement, as amended by Agreements dated March 25, 2003 and June 26, 2006 (collectively, the "Of Counsel Agreement"), AAG was engaged in practice as "Of Counsel" to BSBN.

33. The Of Counsel Agreement includes the following provisions relating to fees earned on account of clients and matters brought by Gershon to BSBN:

> **FOURTH:** During the term of this Agreement, [AAG] shall receive from [BSBN] as follows:
> (a) Reimbursement of any reasonable expenses incurred in connection with servicing its cases on an as is and where needed basis.
> (b) A percent of the fees paid to [BSBN] from clients introduced to [BSBN] by Arnold or AAG, less expenses incurred, to be paid when the fees are actually received, in accordance with Fee Schedule "A" attached hereto.
> (c) All calculations of fees paid to [BSBN] shall be net of forwarding fees, fees paid to other counsel and disbursements and expenses incurred.
>
> **FIFTH:** (a) As is more specifically set forth in Schedule "B", all of Arnold's and [AAG]'s uncollected accounts receivable existing as of the effective date of this Agreement shall be the property of the parties as, as their interest [sic] are expressed in this Agreement. All of their accounts receivable billed or accrued to their clients, including disbursements, during the term of this Agreement, shall be billed under the name of BSBN and shall also be the property of the parties as, as their interest [sic] are expressed in this Agreement;
> (b) For the purposes of this Agreement, "Accounts Receivable" shall mean amounts actually billed and amounts accrued but unbilled to [Gershon's] clients prior to and during the effective date of this Agreement which have not been paid.
>
> **SIXTH:** [Gershon agrees] during the term of this Agreement to:
> \* \* \* \* \* \* \*
> (d) Remit [to BSBN] all fees and/or commissions earned by them during the term of this Agreement
>
> \* \* \* \* \* \* \*
> **NINTH:** Upon the expiration or termination of this Agreement:
> (a) [AAG] shall be entitled to remove all of its personal effects, law books, and equipment from the Firm's premises;
> **(b) All collections for services rendered prior to the termination of this Agreement and received by the Firm or [Gershon], after the termination date of this Agreement, shall remain the property of the parties as their interests are**

> **expressed in this Agreement. [Gershon] and the Firm shall share in said collections as set forth in Fee Schedule "A" hereof.** [emphasis supplied]
>
> **TENTH:** This Agreement [*sic*] be for a term of one (1) year and shall continue thereafter until: (a) a written notice of termination is given by either party to the other effective sixty (60) days from the date of the notice.
>
> **ELEVENTH:** The parties agree that any controversy or claim arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration in the City of New York, in accordance with the Rules of the American Arbitration Association then obtaining, and that judgement [sic] upon the award rendered by such arbitration tribunals shall be binding and entered in the Supreme Court of New York County upon which the parties expressly confer jurisdiction.
>
> \* \* \* \* \* \*
>
> **THIRTEENTH**: This Agreement shall bind and inure to the benefit of the parties hereto and their respective heirs, testamentary beneficiaries, executors, administrators and legal representatives.
>
> **FOURTEENTH:** This Agreement sets forth the entire understanding among the parties. The same may not be altered, modified, canceled or varied, except by a subsequent writing signed by the parties hereto.

34.     Schedule "A" to the Of Counsel Agreement provides that fees with respect to any Stockholder Derivative Actions originated by Gershon during the term of the Of Counsel Agreement are owned in equal shares by BSBN and Gershon, so that Gershon and BSBN each retained an undivided 50% ownership interest in such fees.

35.     In or around May 2005, during the term of the Of Counsel Agreement, Gershon originated the Intel Action.  Accordingly, by virtue of BSBN and Gershon each acquired an undivided 50% interest in the Intel Fees.

36.     BSBN did not receive any written Notice of Termination from Gershon.

37.     Gershon claims that, on November 20, 2006, written Notice of

Termination of the Of Counsel Agreement was provided to BSBN. The Of Counsel Agreement therefore terminated no earlier than January 19, 2007.

38. Upon information and belief, in or around November, 2006, Arnold agreed with BR&B that he would join BR&B as a partner in its New York office, effective December 1, 2006.

39. Pursuant to a Letter Agreement dated November 29, 2006 between Arnold and BR&B, Arnold and BR&B agreed that "all fees generated by [Arnold] on behalf of [Arnold's] clients and [BR&B's] clients during [Arnold's] association with [BR&B] are the property of Barrack Rodos & Bacine."

40. Upon information and belief, in exchange for BR&B's financial commitments to (a) employ, for Arnold's use and benefit, the secretary and associate who were assigned to Arnold at BSBN; and (b) to expand the physical size of BR&B's New York office space, Arnold agreed to join BR&B without any compensation commitment from BR&B, his compensation being subject to determination from time to time by BR&B, in its sole discretion, and without any guaranty of remuneration.

41. A Stipulation of Settlement in the Intel Suit was entered into on or about March 7, 2007. On or about March 16, 2007, Gershon submitted to the District Judge in the Intel Suit a fee application pursuant to which fees and expenses were sought on behalf of the Intel Plaintiff in the amount of $862,500.00. Included amongst those fees and expenses were the fees and expenses accrued while Gershon was "Of Counsel" to BSBN.

42. Upon information and belief, between on or about April 15, 2007 and on or about May 15, 2007, BR&B learned from Gershon that BSBN claimed to retain a

financial interest in the Intel Fees.

43. By letter dated May 18, 2007, BSBN notified Gershon, BR&B and all other counsel in the Intel Suit that it claimed and reserved a charging lien with respect to any sums recovered in connection with the Intel Settlement and fee application.

44. On or about May 18, 2007, BR&B received copies of the Of Counsel Agreement and of documents reflecting the substantive post-termination negotiations between Gershon and BSBN. Upon information and belief, BR&B concluded that there was "no meeting of the minds" between BSBN and Gershon which would have altered the requirements of the Of Counsel Agreement with respect to the Intel Fees.

45. On May 23, 2007, a Judgment of Dismissal in the Intel Suit was entered which provides, in relevant part, for payment of the Intel Plaintiff's attorneys' fees and expenses in the amount of $862,500.00 (the "Fee Award"):

> **12. Subject to all conditions set forth in the Stipulation of Settlement, Intel Corporation shall pay Plaintiff's counsel's attorneys' fees and reasonable out-of-pocket disbursements in the amount of $862,500.00 within fourteen (14) business days of the Effective Date of the settlement. Payment shall be made to the Philadelphia, Pennsylvania offices of Barrack, Rodos & Bacine.**

46. The Intel Fees were received by BR&B on or about June 29, 2007.

47. BR&B has asserted a proprietary interest in 100% of the Intel Fees, net of expenses, forwarding fees and local counsel's fees.

48. BR&B has benefited directly from the Of Counsel Agreement.

**FIRST COUNTERCLAIM**
**(Declaratory Relief: Arbitration)**

49. BSBN repeats and reiterates each and every allegation set forth in paragraphs 1 through 47, inclusive, of this Answer as if fully set forth herein at length.

50. By reason of the foregoing, BSBN is entitled to an Order,

   a. Declaring that BR&B succeeded to Gershon's interest in the Of Counsel Agreement;

   b. Declaring that the Business of AAG merged into, and was subsumed by, BR&B; and

   c. Declaring that BR&B is estopped to deny it obligation to submit to arbitration.

## SECOND COUNTERCLAIM
### (Declaratory Relief: Ownership of the Intel Fees)

51. BSBN repeats and reiterates each and every allegation set forth in paragraphs 1 through 50, inclusive, of this Answer as if fully set forth herein at length

52. By reason of the foregoing, BSBN is entitled to an Order, directing BR&B to pay over and deliver to BSBN so much of the Intel Fees as is determined as a result of BSBN's arbitration with Gershon to be the property of BSBN under the Of Counsel Agreement.

## THIRD COUNTERCLAIM
### (Avoidance of Fraudulent Conveyance: NY Debtor and Creditor Law §§ 278 & 279 )

53. BSBN repeats and reiterates each and every allegation set forth in paragraphs 1 through 52, inclusive, of this Answer as if fully set forth herein at length

54. Gershon's conveyance of the Intel Fees to BR&B was without fair consideration, within the meaning of NY Debtor and Creditor Law § 272.

55. Gershon's conveyance of the Intel Fees to BR&B was made while Gershon was insolvent, within the meaning of NY Debtor and Creditor Law § 271.

56. Gershon's conveyance of the Intel Fees to BR&B was made while

Gershon knew that they were about to incur debts beyond their ability to pay.

57. Gershon's conveyance of the Intel Fees to BR&B was made with actual intent to defraud BSBN.

58. By virtue of the foregoing, BSBN is entitled to an Order, pursuant to NY Debtor and Creditor Law §§278 & 279

   a. Setting aside Gershon's conveyance to BR&B or the Intel Fees to the extent necessary to satisfy BSBN's claim;

   b. Restraining and enjoining BR&B from disposing of the Intel Fees; and

   c. Appointing a receiver to take charge of the Intel Fees.

59. BSBN is entitled to an Order, pursuant to NY Debtor and Creditor Law §276-a, awarding BSBN its attorneys fees incurred herein and fixing the amount of those fees.

### FOURTH COUNTERCLAIM
**(Money Had & Received)**

60. BSBN repeats and reiterates each and every allegation set forth in paragraphs 1 through 59, inclusive, of this Answer as if fully set forth herein at length

61. The amount representing BSBN's interest in the Intel Fees was received by BR&B for the account of, or in trust for, BSBN.

62. BSBN is entitled to an Order directing BR&B to pay over and deliver to BSBN so much of the Intel Fees as is determined as a result of BSBN's arbitration with Gershon to be the property of BSBN under the Of Counsel Agreement.

### FIFTH COUNTERCLAIM
**(Unjust Enrichment)**

63. BSBN repeats and reiterates each and every allegation set forth in

paragraphs 1 through 62, inclusive, of this Answer as if fully set forth herein at length.

64. BR&B has been unjustly enriched in the amount of BSBN's proprietary interest in the Intel Fees.

65. BSBN is entitled to an Order directing BR&B to pay over and deliver to BSBN so much of the Intel Fees as is determined as a result of BSBN's arbitration with Gershon to be the property of BSBN under the Of Counsel Agreement

### SIXTH COUNTERCLAIM
**(Fixing and Enforcement of Charging Lien)**

66. BSBN repeats and reiterates each and every allegation set forth in paragraphs 1 through 65, inclusive, of this Answer as if fully set forth herein at length.

67. BR&B was duly notified, on or about May 18, 2007, that BSBN asserted a charging lien against the Intel Fee Award.

68. BSBN is entitled to an Order fixing the amount of its lien in such amount as is determined in the Arbitration to be the contractual fee due BSBN and directing BR&B to pay over and remit such amount to BSBN.

WHEREFORE, BSBN demands judgment dismissing the Complaint, in its entirety and awarding judgment in its favor on the Counterclaims:

I. On the First Counterclaim:

  a. Declaring that BR&B succeeded to Gershon's interest in the Of Counsel Agreement;

  b. Declaring that the Business of AAG merged into, and was subsumed by, BR&B; and

  c. Declaring that BR&B is estopped to deny it obligation to submit to

arbitration.

II. On the Second, Fourth and Fifth Counterclaims, directing BR&B to pay over and deliver to BSBN so much of the Intel Fees as is determined as a result of BSBN's arbitration with Gershon to be the property of BSBN under the Of Counsel Agreement.

III. On the Third Counterclaim, an Order pursuant to NY Debtor and Creditor Law §§278, 279 & 276-a:

   a. Setting aside Gershon's conveyance to BR&B or the Intel Fees to the extent necessary to satisfy BSBN's claim;

   b. Restraining and enjoining BR&B from disposing of the Intel Fees;

   c. Appointing a receiver to take charge of the Intel Fees; and

   d. Awarding BSBN its attorneys fees incurred herein.

IV. On the Sixth Counterclaim, an Order fixing the amount of BSBN's charging lien in such amount as is determined in the Arbitration to be the contractual fee due BSBN and directing BR&B to pay over and remit such amount to BSBN; and.

V. Awarding to BSBN such other and further relief as to the Court may appear just, proper and equitable.

Dated: New York, New York
       April 9, 2008

                                        BALLON STOLL BADER & NADLER, P.C.
                                        *Attorneys for Defendant*

                                        By: _____
                                              Susan Schneiderman (SS9840)
                                        729 Seventh Avenue, 17th Floor
                                        New York, New York  10019
                                        212-575-7900
                                        (fax) 212-764-5060
                                        sschneiderman@ballonstoll.com

<u>Verification</u>

Susan Schneiderman, a member in good standing of the Bar of this Court and of the Bar of the State of New York, declares under penalty of perjury as follows:

I am officer of Ballon Stoll Bader & Nadler, P.C. I have read the foregoing Answer and I know the contents thereof. Same are true to my own knowledge, except as to matters therein stated upon information and belief and, as to those matters, I believe them to be true.

Dated: New York, New York
       April 9, 2008

_____
Susan Schneiderman