UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BARRACK, RODOS & BACINE,

                Plaintiff,

    -against-

BALLON STOLL BADER & NADLER, P.C.,

                Defendant.
----------------------------------------------------------x

Case No. 08 CV 02152 (PKL)

COMBINED DECLARATION
AND RESPONSIVE
RULE 56.1 STATEMENT

Pursuant to the requirements of Local Rule 56.1 of this Court the Defendant, Ballon Stoll Bader & Nadler, P.C. ("BSBN"), in opposition to the motion for summary judgment served by Plaintiff, Barrack Rodos & Bacine ("BR&B"), respectfully submits this Statement in response to the BR&B's Rule 56.1 Statement of Material and Undisputed Facts ("Plaintiff's Moving Statement").

**Documents Cited and Relied Upon**

Susan Schneiderman, a member in good standing of the Bar of this Court and of the Bar of the State of New York, states under penalty of perjury that the documents annexed hereto are true copies of documents referred to and relied upon herein by the Defendant. The following numbered Exhibits are annexed:

    Exhibit A: Of Counsel Agreement executed by BSBN, A. Arnold Gershon, P.C. ("AAG") and A. Arnold Gershon ("Arnold") (the "Ballon-Gershon Agreement" or the "Of Counsel Agreement").

Exhibit B: *Final Judgment and Order of Dismissal* dated May 23, 2007 (the "Intel Judgment") entered in the stockholder's derivative action known as *Seinfeld v. Barrett, et al.*, Case No. 05-298 (JJF)(D. Del., May 16, 2005) (the "Intel Action" or "Intel")

Exhibit C: Lodestar submitted in support of Intel Fee Award

Exhibit D: May 23, 2007 Transcript of Intel Proceedings.

Exhibit E: BR&B's Verified Complaint

Exhibit F: BSBN's Verified Answer to BR&B's Complaint

Exhibit G: May 16, 2005 Letter Agreement retaining Fox Rothschild LLP.

Exhibit H: Gershon's November 30, 2006 Termination Proposal

Exhibit I: January 22, 2008 Affidavit of Daniel Bacine (*sans* exhibits)

Exhibit J: May 4, 8 & 9 2007 e-mails and May 14, 2007 Letter from Arnold.

Exhibit K: May 18, 2007 Notice of Charging Lien

**<u>Responsive Statements</u>**

In accordance with the requirements of Local Rule 56.1(b), the responses set forth in each numbered paragraph below corresponds to the similarly numbered paragraph set forth in Defendants' Moving Statement.

1. BSBN does not dispute the facts stated in ¶1 of Plaintiff's Moving Statement. Pursuant to the referenced Agreement (Exhibit A), AAG became "Of Counsel" to BSBN beginning September 1, 2001.

2. BSBN does not dispute the facts stated in ¶2 of Plaintiff's Moving Statement.

3. BSBN disputes the statements contained in ¶3 of Plaintiff's Moving

{RULE56;1} 2

Statement.  Attorneys' fees were awarded to the Intel Plaintiff and were to be delivered to BR&B's Philadelphia office.  Paragraph 12 of the Intel Judgment (Exhibit B) provides:

> **12. Subject to all conditions set forth in the Stipulation of Settlement, Intel Corporation shall pay Plaintiffs counsel's attorneys' fees and reasonable out-of-pocket disbursements in the amount of $862,500.00 within fourteen (14) business days of the Effective Date of the settlement. Payment shall be made to the Philadelphia, Pennsylvania offices of Barrack, Rodos & Bacine.**

4.   BSBN disputes the statement contained in ¶4 of Plaintiff's Moving Statement.  The "Lodestar" submitted by Gershon in support of the fee award in the Intel Action (Exhibit C) included time and charges incurred while Gershon was Of Counsel to BSBN.  In addition, addressing the Intel Court on May 23, 2007, Gershon expressly addressed BSBN's claims and agreed, on behalf of BR&B, to indemnify the Intel Defendants should they be pursued for fees by BSBN (Exhibit D at 6:14-8:10):

```
Page 6   14 [GERSHON (continuing)]There is one other matter that I
         15 want to bring to the attention of the Court. As
         16 the Court has undoubtedly observed, when we
         17 started this case, I was of counsel to a New
         18 York firm known as Ballon, Stole, Bader &
         19 Nadler. On December 1st, I left that firm and
         20 became a partner at Barrack, Rodos & Bacine.
         21 There were a number of cases that
         22 I was handling at my former firm and we had
         23 reached an agreement that the way we would
         24 resolve the financial concerns of the
Page 7   1 termination, I would take certain cases and they
         2 would take certain cases, and we would proceed
         3 on that basis.
         4 This case, Seinfeld against
         5 Barrett produced some disagreement in which my
         6 former firm thought that they should be paid
         7 some percentage of the fee in this case. I
         B disagreed with them about that. We had some
         9 correspondence about it.
         10 The last -- the next to the last
         11 thing I got was an E-mail from Howard Bader who
```

>     12 said maybe we can work this out in a
>     13 nonadversarial and a couple of days later we
>     14 received a letter from Susan Snyderman of that
>     15 firm saying that they have a charging lien on
>     16 the fees in this case pursuant to the New York
>     17 Judiciary Area Law Section 475.
>     18 We submit that that should not
>     19 impede this proceeding in any way. My firm will
>     20 indemnify the defendants in this case as to any
>     21 attempt by Ballon, Stoll to extract any fees
>     22 from them.
>     23 Just as a matter of note with what
>     24 our position is on the charging lien, it's clear
> Page 8   1 that under the New York law in any event the
>     2 charging lien can only be asserted by the
>     3 counsel of record and not of counsel and that it
>     4 only applies to cases pending in New York and
>     5 not in other courts in other states whether
>     6 state or federal. And I thought that we were in
>     7 the process of working it out, but they have
>     8 written this letter and we thought it should be
>     9 brought to the attention of the Court.
>     10 THE COURT: All right. Thank you.

5. BSBN is without sufficient information to state whether or not the statement contained in ¶4 of Plaintiff's Moving Statement is disputed.

### Additional Statements

6. BSBN is a New York Professional Corporation of attorneys engaged in the practice of law, with its principle offices located at 729 Seventh Avenue, New York, New York (Exhibit F, ¶1).

7. BR&B is a professional corporation of Attorneys engaged in the practice of law with its principal place of business located at 3300 Two Commerce Square, 2001 Market Street, Philadelphia, Pennsylvania 19103. (Exhibit E, ¶9).

8. A. Arnold Gershon ("Arnold") is an attorney admitted to practice law and

engaged in the practice of law in the State of New York, with offices located at 1350 Broadway, New York, New York.

9. AAG is a New York professional corporation formed by Arnold in connection with Arnold's practice of law and through which Arnold has, from time to time, provided his legal services (AAG and Arnold are collectively referred to herein as "Gershon").

10. From on or about September 1, 2001 through on or about November 30, 2006, Arnold, acting through AAG, was engaged in practice as "Of Counsel" to BSBN.

11. The Of Counsel Agreement (Exhibit A) provides, in Article Fourth, that Gershon was to receive from BSBN during the term of the Of Counsel Agreement:

> **(b) A percent of the fees paid to [BSBN] from clients introduced to [BSBN] by Arnold or AAG, less expenses incurred, to be paid when the fees are actually received, in accordance with Fee Schedule "A" attached hereto.**

12. The Of Counsel Agreement (Exhibit A) provides, in Article Fifth, provides that

> **(a)…..All of [Gershon's] accounts receivable billed or accrued to their clients, including disbursements, during the term of this Agreement, shall be billed under the name of BSBN and shall also be the property of the parties, as their interest [sic] are expressed in this Agreement;**
> **(b) For the purposes of this Agreement, "Accounts Receivable" shall mean amounts actually billed and amounts accrued but unbilled to [Gershon's] clients prior to and during the effective date of this Agreement which have not been paid.**

13. The Of Counsel Agreement (Exhibit A) provides, in Article Ninth, that, upon termination thereof,

> **(b) All collections for services rendered prior to the termination of this Agreement and received by the Firm or [Gershon], after the termination date of this Agreement, shall**

> **remain the property of the parties as their interests are expressed in this Agreement. [Gershon] and the Firm shall share in said collections as set forth in Fee Schedule "A" hereof.**

14. Schedule A to the Of Counsel Agreement (Exhibit A) provides that BSBN and Gershon each held a 50% interest fees derived from "new class action cases and stockholder derivative actions originated by Gershon."

15. Intel was a new stockholder derivative action originated by Gershon in May 2005 while Gershon was Of Counsel to BSBN under the Of Counsel Agreement.

16. By letter agreement dated as of May 16, 2005 (Exhibit G), BSBN and AAG jointly, on behalf of the Intel Plaintiff, retained Fox Rothschild LLP to act as local counsel for Plaintiff in the Intel Action.

17. Gershon terminated the Of Counsel Agreement, effective November 30, 2006.

18. On November 30, 2006 Intel remained pending.

19. As of November 30, 2006, the accumulated Intel Lodestar was $291,238.75 and accumulated disbursements were $5,328.52 (Exhibit H).

20. Arnold joined BR&B as of December 1, 2006 (Exhibit I, ¶12).

21. Upon joining BR&B, Arnold entered into an agreement with BR&B whereby "all fees generated by [Arnold] on behalf of [Arnold's] clients and [BR&B's] clients during [Arnold's] association with [BR&B] are the property of Barrack Rodos & Bacine."

22. By "late April or early May" 2007, BR&B learned that BSBN "claimed to retain a financial interest" in Intel (Exhibit I, ¶11).

23. On May 8, 2007, Arnold stated with respect to BSBN's claim of an interest in the Intel fees that Arnold was "in no position to discuss [Intel] with [BSBN] until one of [Arnold's] partners returns." (Exhibit J).

24. On May 14, 2007 (Exhibit J), Arnold wrote the following to BSBN on BR&B letterhead:

> **With respect to Intel, a case that I took, we are prepared to reimburse your expenses of $5,328.52 upon our recovery of the same. We are not, however, prepared to pay you any part of the fee, should the court make an award.**
>
> **Concerning your request as to whether you should make a separate fee application, our answer is that it is unnecessary and improper.**

25. On May 18, 2008, BSBN's Notice of Charging Lien (Exhibit K) was transmitted via Fax and overnight delivery to BR&B, Daniel Bacine, Gershon, Fox Rothschild and various counsels for the Intel defendants.

26. On or about May 18, 2008, BR&B, through Daniel Bacine, received copies of the Of Counsel Agreement and of the termination agreement between Gershon and BSBN (Exhibit I, ¶11).

Dated: New York, New York
       June 13, 2008

          BALLON STOLL BADER & NADLER, P.C.
          *Attorneys for Defendant*

          By: _____
            Susan Schneiderman (SS9840)
          729 Seventh Avenue, 17th Floor
          New York, New York 10019
          212-575-7900
          (fax) 212-764-5060
          sschneiderman@ballonstoll.com