IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| BARRACK RODOS & BACINE, | : | Civil Action No. 08 CV 02152(PKL) |
| Plaintiff, | : | |
| v. | : | **ELECTRONICALLY FILED** |
| BALLON STOLL BADER AND NADLER, P.C., | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT
AND ON DEFENDANT'S FIRST COUNTERCLAIM AND
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

# TABLE OF CONTENTS

PAGE

INTRODUCTION ........................................................................................................1

ARGUMENT ...............................................................................................................1

I.    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF BR&B ON THE COMPLAINT AND ON DEFENDANT'S FIRST COUNTERCLAIM...................2

II.    BALLON'S SECOND, FOURTH, FIFTH AND SIXTH COUNTERCLAIMS ARE NOT RIPE FOR ADJUDICATION .........................................................3

III.    ALL OF BALLON'S COUNTERCLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)................................5

    A.    The Counterclaim Fails to State a Claim that BR&B is Bound by the Agreement ........................................................5

    B.    The Intel Fee Is Not the Property of Ballon...........................6

    C.    The Counterclaim Fails to State a Claim for Fraudulent Conveyance ...................7

    D.    The Counterclaim Fails to State a Claim for Money Had and Received or for Unjust Enrichment ........................................................7

    E.    Ballon Has No Enforceable Charging Lien .........................................8

CONCLUSION...........................................................................................................10

## INTRODUCTION

In March, this Court preliminarily enjoined Ballon Stoll Bader and Nadler, P.C. ("Ballon"), from proceeding against Barrack, Rodos & Bacine ("BR&B") in an arbitration proceeding before the American Arbitration Association ("AAA") styled *In the Matter of the Arbitration among Ballon Stoll Bader & Nadler, P.C. and A. Arnold Gershon, et al.,* AAA Claims No. 13 194 01780 07 (the "Arbitration"). *Barrack Rodos & Bacine v. Ballon Stoll Bader & Nadler, P.C.,* No. 08 Civ. 02152 (PKL), 2008 WL 759353 (S.D.N.Y. Mar. 20, 2008) (*"BR&B v. Ballon"*). Nothing has changed since then. Ballon has neither presented any new evidence of consequence nor asked the Court for discovery—because there is no additional evidence and nothing more to discover. This is still a case about Ballon desperately trying to drag BR&B, which never agreed to arbitrate claims with Ballon, into the Arbitration it commenced to obtain a portion of the fees that were awarded by the Court in the matter styled *Seinfeld v. Barret, et al.,* No. 05-298 (JJF) (D.Del. May 16, 2005) (*"Intel"*). For the same reasons this Court granted the preliminary injunction, the Court should grant summary judgment in BR&B's favor on the complaint, as well as on Ballon's first counterclaim, which seeks to compel BR&B to participate in the arbitration.

Ballon's counterclaim for the most part relies on the speculative assumption that it will prevail in the Arbitration. Because those claims are based on a contingent event, they are not ripe for adjudication and should be dismissed. Aside from responding, unpersuasively, to BR&B's argument on ripeness, Ballon devotes all of a page and a half defending its indefensible positions on the remaining counterclaims. The Court should dismiss the counterclaims because they are all facially deficient.

## ARGUMENT

### I.    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF BR&B ON THE COMPLAINT AND ON DEFENDANT'S FIRST COUNTERCLAIM

This Court has already determined that none of the exceptions to the general rule -- that a non-signatory to an arbitration agreement cannot be bound to arbitrate -- apply to BR&B here. Specifically,

this Court held that BR&B is not bound under either the estoppel theory or the de facto merger doctrine. *BRB v. Ballon,* 2008 WL 759353, at *6, *8. Ballon's statement that the "developing facts clearly disclose permanent relief is not appropriate" (Defendant's Memorandum of Law in Opposition to Motions for Dismissal and Summary Judgment ("Ballon's Opposition")) at 6, is completely inaccurate. Ballon has identified no "developing facts" and the record before this Court remains substantially unchanged since this Court granted BR&B's preliminary injunction motion.

BR&B's motion for summary judgment is based on the same grounds as its preliminary injunction motion. BR&B demonstrated that it did not receive a direct benefit from the Ballon-Gershon Agreement and is therefore not estopped from refusing to arbitrate Ballon's claims under that Agreement. BR&B also demonstrated that it did not enter into a transaction with Gershon that constitutes a de facto merger.[1] As this Court explained, "Ballon has the burden to establish one of the exceptions to the general rule regarding arbitrability." *BR&B v. Ballon,* 2008 WL 759353, at *6. Ballon has not met that burden.

For these reasons, as well as for the reasons set forth in BR&B's initial memorandum, summary judgment should be granted on BR&B's complaint and on Ballon's first counterclaim, which seeks to compel BR&B to arbitrate.[2]

## II.    BALLON'S SECOND, FOURTH, FIFTH AND SIXTH COUNTERCLAIMS ARE NOT RIPE FOR ADJUDICATION

"The central concern [with ripeness] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all" C. Wright, A. Miller & E.

---

[1] That BR&B distributed to Delaware counsel a share of the fee awarded, for the services it rendered in the *Intel* action, is not evidence that BR&B assumed Gershon's obligations. Ballon has presented no evidence that BR&B assumed *any* of Gershon's liabilities, and as this Court has held, a non-signatory is not bound to arbitrate under the de facto merger theory where, *inter alia,* plaintiff did not acquire the non-signatories liabilities. *Sands Bros. & Co., Ltd., v. Alba Perez TTE Catalina Garcia Revocable Trust U/A DTD 9/04/01,* No. 04 Civ. 0005(JFK), 2004 WL 2186574 (S.D.N.Y. Sept. 28, 2004).

[2] Ballon did not respond to BR&B's argument that this Court, and not the arbitrator, should determine the issues of arbitrability. Memorandum in Support of Plaintiff's Motion for Summary Judgment on the Complaint and on Defendant's First Counterclaim ("BR&B Summary Judgment Brief") at 6-9. Ballon appears to have conceded that issue.

2

Cooper, Federal Practice & Procedure § 3532 (2008).  Ballon's second, fourth, fifth and sixth counterclaims all depend upon a future event that might never come to fruition:  that Ballon prevails in the Arbitration.[3]  If the arbitrator determines that Gershon is not liable to Ballon, there is nothing more to litigate regarding theses claims.  "It is settled that the courts will not entertain a declaratory judgment action when any declaration that the court might issue will become effective only upon the occurrence of a future event that may or may not come to pass."  *In re Jamaica Water Supply,* 600 N.Y.S.2d 924, (N.Y. Sup. 1993) (internal quotations omitted).  Moreover, the Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  Because there is no "case of actual controversy," Ballon's counterclaims that seek declaratory relief are not ripe for adjudication.

Ballon argues that BR&B's discussion of the ripeness doctrine "is curiously devoid of any analysis of the relationship of BSBN's claims to that doctrine."  (Ballon's Opposition at 3.)  To the contrary, as BR&B expressly stated in its Memorandum in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims ("BR&B Dismissal Mem.") at 6, "the second, fourth, fifth and sixth counterclaims all depend on an award in Ballon's favor in the arbitration proceeding against Gershon." The relationship of Ballon's claims to the ripeness doctrine is thus clear.

Ballon argues that "[r]ather than looking to the line of cases relied upon by the Plaintiff, in which the Courts were called upon to determine the constitutionality of statutory or regulatory enactments, authorities assessing the justiciability of issues arising in insurance litigation is instructive to the inquiry at hand."  (Ballon Opposition at 3-4.)  Ballon then cites a single insurance case,

---

[3]  While Ballon's second counterclaim is specifically labeled as one for declaratory relief, the fourth, fifth and sixth counterclaims essentially seek declaratory relief as well.

*Maryland Casualty Co v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941), in support of its contention that its claims here are ripe for adjudication. *Maryland Cas. Co.* is not remotely on point. There, in part because of a state statute governing insurance claims, the rights of the party seeking declaratory relief were so intertwined with the underlying action that it would have been prejudiced without obtaining a declaration of its rights under an insurance policy. Here, in contrast, Ballon will suffer no prejudice if the Court dismisses these counterclaims. If Ballon prevails in the Arbitration against Gershon, it can then bring its claims against BR&B.

Moreover, if this Court were inclined to examine "insurance litigation," as Ballon urges, the case law does not support Ballon's contention that its second, fourth, fifth and sixth counterclaims are ripe for adjudication. For example, *U.S. Healthcare, Inc. v. O'Brien,* 868 F. Supp. 607, 615 (S.D.N.Y. 1994), the Court, applying the same analysis as the cases BR&B cited, determined that the plaintiff there -- a healthcare insurer -- did not present an actual controversy and the case was not yet justiciable. The Court dismissed for lack of jurisdiction the healthcare insurer's declaratory judgment action seeking a declaration that it was entitled to reimbursement from any future settlements between the injured party and third parties as well as proceeds from any future judgment in the state court action because "the determination of those claims will depend on the future" events and was therefore "premature and not ripe for decision."

When courts evaluate ripeness of claims brought in actions that involve issues other than the "constitutionality of statutory or regulatory enactments" (Ballon's Opposition at 3-4), they hold that cases are not ripe for adjudication where the outcome is dependent upon the occurrence of an uncertain or future underlying event. *See In re Drexel Burnham Lambert Group Inc.,* 995 F.2d 1138, 1145-46 (2d Cir. 1993) (objections to a settlement that called for the distribution of an SEC fund were premature and not ripe for adjudication where the SEC had not yet presented a plan of distribution; the court stated that it would review objections once the plan of allocation had been determined); *A/S J.*

*Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.,* 559 F.2d 928 (4th Cir. 1977) (ship owner and builder's claim for indemnity for liability and expenses incurred or to be incurred in pending litigation for wrongful death or personal injury actions was premature where there had been no determination as to the liability of the ship owner and builder); *Lincoln House, Inc. v. Dupre,* 903 F.2d 845 (1st Cir. 1990) (RICO claim was not ripe for adjudication where the alleged injury was contingent upon plaintiff prevailing in a pending state court action).

As the Supreme Court has stated, a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.* 523 U.S. 296, 300 (1998) (internal quotations omitted). Here, the relief Ballon seeks in claims two, four, five and six all depend on an award in Ballon's favor in the Arbitration proceeding against Gershon. This Court should, therefore, dismiss these counterclaims because they are based upon an uncertain future event and are therefore not yet ripe for adjudication.

## III. ALL OF BALLON'S COUNTERCLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)

### A. The Counterclaim Fails to State a Claim that BR&B is Bound by the Agreement

While summary judgment should be granted as to Ballon's first counterclaim (*see supra* at 1-2), that claim fails the pleading test as well. Ballon contends that BR&B is bound by the Agreement pursuant to the estoppel and de facto merger theories. Ballon's sole allegation relevant to the estoppel claim is that "BR&B has directly benefited from the Of Counsel Agreement." (Ballon's Verified Answer to Complaint ¶ 48.) But that is not enough. As the court held in *Bice v. Robb,* No. 07 Civ. 2214 (PAC), 2008 WL 552566, at *3 (S.D.N.Y. Feb. 29, 2008), "mere 'formulaic recitation of a cause of action's elements' will not suffice; instead, [f]actual allegations must be enough to raise a right to relief above a speculative level." Ballon's counterclaim alleges no facts sufficient to meet this standard.

Similarly, Ballon makes no allegations that even remotely satisfy its pleading obligations to show that Gershon and BR&B entered into a de facto merger. Ballon failed to plead that Gershon has any ownership interest in BR&B or any financial interest in the cases he works on at BR&B. Moreover, Ballon did not plead that there was continuity of ownership. Ballon's first counterclaim is thus insufficient and should be dismissed.

### B.     The *Intel* Fee Is Not the Property of Ballon

As demonstrated in its initial memorandum, Ballon's second counterclaim, which is styled as one seeking a declaration that Ballon is the owner of the *Intel* fee awarded to BR&B, or at least "so much of the *Intel* [f]ee[ ] as is determined as a result of [Ballon's] arbitration with Gershon to be the property of [Ballon] under the [Ballon-Gershon] Agreement," is an improper collateral attack on the district court's order in *Intel*. (BR&B Mem. at 10.) Ballon was aware of the *Intel* settlement hearing at which the court considered the issue of fees, but chose neither to attend the hearing nor even apply to the *Intel* court for a fee.[4]

Ballon's theory that it has ownership or a property interest in the *Intel* fees is devoid of any factual allegations to support it. According to paragraph 52 of the answer, Ballon's claim to a proprietary interest in the *Intel* fee is derivative of and relies upon its claim that Gershon is liable to Ballon under the Ballon-Gershon Agreement. In other words, Ballon contends that BR&B is liable to Ballon on this claim solely because Gershon is liable to Ballon under that Agreement. But for the same reason this Court found in the preliminary injunction proceedings that BR&B was not bound by the arbitration clause in the Ballon-Gershon Agreement, BR&B is neither bound by nor liable for an alleged breach of other terms of that Agreement. Thus, the premise that fees paid to BR&B belong to

---

[4]  Ballon tries to blame BR&B for Ballon's failure to file a fee declaration and for its not attending the settlement hearing. (Ballon's Opposition at 11-12.) Ballon chose out if its own volition not to submit a fee petition or attend the hearing. Correspondence Gershon sent to Ballon recommending otherwise is of no consequence.

Ballon because of an Agreement to which BR&B is a stranger is unsupported by factual allegations. Ballon's second counterclaim should therefore be dismissed.

### C.    The Counterclaim Fails to State a Claim for Fraudulent Conveyance

Despite Ballon's argument that it sufficiently pleaded its third counterclaim for fraudulent conveyance, that claim contains no factual allegation that Gershon actually *conveyed* the Intel fees to BRB, a necessary allegation in a claim for fraudulent conveyance under NY Debtor and Creditor Law. (Answer at ¶¶ 53-59.) Indeed, Ballon still cannot allege that Gershon conveyed the Intel fees to BRB, since Gershon never possessed the fee and, therefore, could not have conveyed it. (Complaint at ¶¶ 14-15.)

### D.    The Counterclaim Fails to State a Claim for Money Had and Received or for Unjust Enrichment

Without citing a single case, Ballon makes the bald assertion that it has fulfilled the pleading requirements to state a claim for relief for money had and received and for unjust enrichment. Ballon contends that it "has clearly pleaded that it is entitled to a portion of the Intel Fees, that BR&B received the Intel Fees and that BSBN performed work valued at $291,238.75 and incurred disbursements of $5,328,52 upon which a portion of the Intel Fees are based." (Ballon Opposition at 12.) Ballon is wrong.

As set forth in BR&B's initial memorandum, to state a claim for money had and received, Ballon must allege that, "(1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of the money; and (3) under principles of good conscience, defendant should not be allowed to retain the money." *Fesseha v. TD Waterhouse Investor Serv.,* 747 N.Y.S.2d 676, 260 (Sup. Ct. 2002). Here, Ballon's counterclaim does not contain any factual allegations that BR&B received anything belonging to Ballon. As with most of its other claims, Ballon contends that its claims for money had and received is derivative of its claim against Gershon under the Ballon-Gershon

Agreement.  But the *Intel* fee was received not under that Agreement, but as part of a settlement reached at arm's length between BR&B and defense counsel in the *Intel* case, and was awarded by the *Intel* Court.  The fee never *belonged* to Gershon and never *belonged* to Ballon.  Therefore, Ballon's fourth counterclaim for money had and received should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Similarly, Ballon's allegations are insufficient to sustain its fifth counterclaim for unjust enrichment.  To state a claim for unjust enrichment, Ballon must allege that (1) BR&B received a benefit; (2) at the expense of Ballon; and (3) equity and good conscience require restitution.  *Mazzaro de Abreu v. Bank of Am. Corp.,* 525 F. Supp. 2d 381, 397 (S.D.N.Y. 2007).  Ballon simply asserts, without citing any case law or facts, that its claim is sufficient to withstand a motion to dismiss.

Ballon did not set forth a single factual allegation that BR&B benefited at the expense of Ballon.  And "[s]ince [BR&B] did not benefit at the expense of [Ballon Stoll], equity and good conscience cannot require restitution."  *Mazzaro,* 525 F. Supp. 2d at 397.  Moreover, Ballon does not, nor could it, make any claim that Ballon performed services for the benefit of BR&B.  In addition, Ballon does not allege, nor could it, that BR&B assumed an obligation to pay for any services Ballon contends it performed.  Nor did BR&B ever accept any services from Ballon.  Because Ballon has failed to set forth the elements necessary to sustain a claim for unjust enrichment, Ballon's fifth counterclaim should be dismissed.

### E.     Ballon Has No Enforceable Charging Lien

Again without citing a single case Ballon asserts that this Court can sustain its sixth counterclaim to fix a charging lien it claims to have asserted under both in Delaware and New York law.  (Ballon's Opposition at 13.)  Ballon cannot prevail on its claim for a charging lien in New York.  According to Judiciary Law § 475, this Court does not have jurisdiction to fix a charging lien where, as

here, the *Intel* case was litigated exclusively in Delaware and the settlement fund was not distributed in New York. *See Strauss v. Cunningham,* 403 N.Y.S.2d 39, 40 (App. Div. 1978) (court does not have jurisdiction over out-of-state proceeds).

Ballon cannot properly assert a charging lien on the funds recovered in the Delaware action. To assert a charging lien in New York pursuant to Judiciary Law § 475, "the attorney seeking to enforce the lien must have appeared in the action or proceeding as attorney of record." *Application of Weldon,* 231 N.Y.S.2d 530, 533 (N.Y. Sup. 1962). *See also Barnum v. Srogi,* 96 A.D.2d 723, 724 (App. Div. 1983) ("Only the attorney of record herein is entitled to an attorney's statutory or charging lien."). Ballon concedes that it was not counsel of record in the *Intel* matter; Fox Rothschild LLP was. *See* Ballon's Notice of Charging Lien at Exhibit K to the Combined Declaration and Responsive Rule 56.1 Statement (Ballon was "formerly 'of counsel' to Fox Rothschild LLP in connection with the prosecution in plaintiff's behalf" in the *Intel* matter). Because Ballon was not the attorney of record in *Intel,* it is not entitled to a charging lien under New York law.

Delaware does not have a statute regarding charging liens. And Ballon has not cited any authority supporting the imposition of charging liens in Delaware. Assuming *arguendo* that an attorney can assert a charging lien in Delaware, however, Ballon's claim here has the same flaw as its claim under New York law:  it was not counsel of record in the Delaware action. Ballon's purported assertion of a charging lien in Delaware is therefore not enforceable.[5]

---

[5]  Though Ballon states that "[d]efendant is aware of no legal authority which would prevent a federal court sitting in New York from declaring enforceable a Charging Lien under Delaware Law" (Ballon's Opposition at 13), it certainly does not cite any cases standing for the proposition that a New York federal court *could* enforce an asserted lien in a Delaware case where the proponent was not an attorney of record. Because this Court does not have jurisdiction over the *Intel* fee (*Strauss v. Cunningham, supra.*), Ballon's sixth counterclaim should be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth above and in BR&B's initial memorandum, this Court should grant

BR&B's summary judgment on BR&B's complaint, and on Ballon's first counterclaim, permanently

enjoining Ballon from proceeding against BR&B in the Arbitration.  This Court should also dismiss all

of Ballon's counterclaims for failure to state a claim upon which relief may be granted.


Dated:  June 27, 2008                           Respectfully submitted,

                                                **BARRACK, RODOS & BACINE**
                                                William J. Ban (WB0382)
                                                1350 Broadway, Suite 1001
                                                New York, NY 10018
                                                (212) 688–0782
                                                        and


                                                ___/s/ Daniel E. Bacine_____
                                                Daniel E. Bacine
                                                3300 Two Commerce Square
                                                2001 Market Street
                                                Philadelphia, PA  19103
                                                (215) 963-0600

                                                *Attorneys for Plaintiff*